Adeel A. Mangi (admitted *pro hac vice*)
Michael F. Buchanan (NJ Bar # 049041992)
Muhammad U. Faridi (admitted *pro hac vice*)
Alejandro H. Cruz (admitted *pro hac vice*)
Diana M. Conner (admitted *pro hac vice*)
Paul D. Swanson (admitted *pro hac vice*)
**PATTERSON BELKNAP WEBB & TYLER LLP**
1133 Avenue of the Americas
New York, New York 10036
Telephone: (212) 336-2000
Facsimile: (212) 336-2222

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THE ISLAMIC SOCIETY OF BASKING RIDGE and MOHAMMAD ALI CHAUDRY,<br><br>*Plaintiffs*,<br><br>*v*.<br><br>TOWNSHIP OF BERNARDS, *et al*.,<br><br>*Defendants*. | No. 16-cv-1369 (MAS) (LHG)<br><br>Motion Day: June 6, 2016<br><br>**ORAL ARGUMENT REQUESTED** |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO QUASH THE PLANNING BOARD'S APRIL 19, 2016 RESOLUTION AND TO ENJOIN THE PLANNING BOARD FROM TAKING FURTHER ACTION ON ISBR'S SITE PLAN APPLICATION**

**TABLE OF CONTENTS**

**Page**

**PRELIMINARY STATEMENT** .......... 1

**FACTUAL BACKGROUND** .......... 2

**ARGUMENT** .......... 6

**CONCLUSION** .......... 10

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Adams v. United States*,
317 U.S. 269 (1942)........8

*Cicchine v. Twp. of Woodbridge*,
413 N.J. Super. 393 (N.J. Law Div. 2010)........6

*Cottingham v. Tutor Perini Bldg. Corp.*,
No. 14 Civ. 2793, 2016 U.S. Dist. LEXIS 629 (E.D. Pa. Jan. 5, 2016) ........8, 9

*In re Diet Drugs Prods. Liab. Litig.*,
282 F.3d 220 (3d Cir. 2002)........8

*Doctors Nursing & Rehab. Ctr. v. Sebelius*,
613 F.3d 672 (7th Cir. 2010) ........7

*Fratone v. Div. of Pub. Welfare of N.J. Dep't of Human Servs.*,
No. 87 Civ. 2569, 1988 U.S. Dist. LEXIS 1446 (D.N.J. Feb. 8, 1988)........7

*Goede v. Colvin*,
No. 09 Civ. 1777, 2013 U.S. Dist. LEXIS 57638 (E.D. Cal. Apr. 21, 2013) ........7

*Kince v. Nicholson*,
208 F. App'x 908 (Fed. Cir. 2006) ........7

*Klay v. United Healthgroup, Inc.*,
376 F.3d 1092 (11th Cir. 2004) ........8

*Kramer v. Bd. of Adjustment, Sea Girt*,
80 N.J. Super. 454 (N.J. Law Div. 1963)........6

*Marxe v. Jackson*,
833 F.2d 1121 (3d Cir. 1987)........8

*Orloski v. Planning Bd. of Borough of Ship Bottom*,
226 N.J. Super. 666 (N.J. Law Div. 1988)........6

*In re Plainfield-Union Water Co.*,
14 N.J. 296 (1954) ........9

*United States v. N.Y. Tel. Co.*,
434 U.S. 159 (1977)........8

*Whispering Woods at Bamm Hollow v. Middletown Planning Bd.*,
220 N.J. Super. 161 (N.J. Law Div. 1987)........7

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

**Statutes**

All Writs Act
28 U.S.C. § 1651(a) ........................................8

**Other Authorities**

WILLIAM M. COX & STUART R. KOENIG,
NEW JERSEY ZONING & LAND USE ADMINISTRATION........................................7

Plaintiffs the Islamic Society of Basking Ridge ("ISBR") and Dr. Mohammad Ali Chaudry respectfully submit this memorandum of law in support of their motion to quash Defendant Bernards Township Planning Board's ("Planning Board") "Resolution Regarding Board's Willingness to Relax the 20-Day Time Period to Allow the Applicant to Move for a Rehearing," dated April 19, 2016 (the "April Resolution")[1] and to enjoin the Planning Board from taking any further action with respect to ISBR's site plan application, except upon remand from this Court or to effectuate a settlement.

## PRELIMINARY STATEMENT

Plaintiffs' Complaint laid bare the disturbing factual record developed over four years before the Planning Board. Defendants are doubtless aware that those facts expose them to considerable legal peril. Their response, therefore, has been to try to manufacture new record evidence in the hope that it will help salvage their cause. Ignoring this Court's jurisdiction and this pending federal action, the Planning Board has purported to take further action on ISBR's application. On April 19, 2016, the Planning Board issued a Resolution that invited ISBR to seek rehearing to show the Planning Board how ISBR can satisfy the illegal and discriminatory requirements the Planning Board imposed upon it.

Defendants' motives for taking this action are transparent. One reporter noticed immediately that the April Resolution appeared designed to address specific allegations in Plaintiffs' Complaint. Another writer questioned if this was a "PR ploy." To remove all doubt, Bernards Township's Mayor focused the press on how the April Resolution supposedly constituted evidence of the Township's good faith in relation to ISBR's application. She told the press that the "planning board's resolution provides the society another opportunity to resolve

[1] Exhibit 1 ("Ex. 1") to the supporting Declaration of Muhammad U. Faridi, dated May 5, 2016.

the issues raised by the board" and that it "further demonstrates" that the Planning Board's decision was "based upon land use considerations and not religion." Defendants doubtless hope to now either bog ISBR down in further Planning Board proceedings and avoid this Court, or to leverage ISBR's refusal to participate in further Planning Board proceedings in support of their arguments. Notably, the Planning Board does not express in the April Resolution any understanding of its numerous violations of law or any willingness to rectify them.

Defendants' actions do not withstand legal scrutiny. Under settled precedent, a planning board is divested of jurisdiction with respect to a land use application once that decision has been challenged in court. This rule is based on the longstanding principle that once jurisdiction of an appellate tribunal has been invoked, the lower tribunal has no jurisdiction to consider the matter. This is only logical—the bases for a planning board's decision cannot be a moving target after its final decision has been challenged in court. Indeed, Plaintiffs are in federal court to enforce the constitutional rights this Planning Board spent four years trampling underfoot. Plaintiffs will litigate their rights in this Court and should suffer no prejudice from doing so. This Court has ample authority, including under the All Writs Act, to address Defendants' attempts to circumvent its jurisdiction through further proceedings below.

Plaintiffs request that the Court quash the April Resolution and enjoin the Planning Board from taking any further action with respect to ISBR's application, except upon remand from this Court or to effectuate a settlement.

## FACTUAL BACKGROUND

ISBR is a New Jersey-based Muslim congregation that sought to build a mosque in Bernards Township. (ECF No. 1 ("Compl.") ¶¶ 19, 62.) On April 20, 2012, ISBR submitted its site plan application for preliminary and final approval to the Planning Board. (*Id.* ¶ 62.) At the time of submission, houses of worship were considered a "permitted use" under the Township's

zoning ordinance. (*Id.* ¶ 5.) ISBR's plan was met with significant local hostility. (*Id.* ¶ 67.) For instance, soon after ISBR announced its plan, the owner of an adjacent property told ISBR's president that he did not want the "insignia" of people who committed the terrorist acts on 9/11 next to his house. (*Id.* ¶ 69.) The ISBR mailbox was later tampered with by a vandal who attempted to alter the acronym ISBR into "ISIS." (*Id.* ¶ 82.) Community opponents to ISBR's application also formed an organization dedicated to challenging every aspect of ISBR's application. (*Id.* ¶¶ 88-103.)

At the Planning Board hearings, members of the community and the Board engaged in aggressive and discriminatory questioning of ISBR's witnesses, including inquiries about animal sacrifices and the rate of procreation by Muslims. (*Id.* ¶¶ 70, 131.) At one meeting, ISBR's president was physically intimidated in a restroom by an assailant who falsely accused him of seeking to publish photographs of the Planning Board's public proceedings on "radical Islamic websites." (*Id.* ¶ 85.) The Planning Board held an unprecedented number of hearings on ISBR's application—39 over four years—and forced ISBR to incur huge expenses, which include ISBR paying the fees for the Planning Board's own professionals in connection with ISBR's application. (*Id.* ¶¶ 65, 122, 305.)

Throughout the hearing process, the Planning Board and its professionals adopted novel interpretations of zoning ordinances and required ISBR to repeatedly revise its site plans. (*Id.* ¶ 8.) ISBR complied with these demands, only to later find out that the Planning Board had generated additional requirements resulting from ISBR's satisfaction of prior demands. (*Id.*) Moreover, while ISBR's application was pending, the Bernards Township Committee amended the local zoning laws to make houses of worship a "conditionally permitted use," imposing numerous new and onerous requirements, which effectively barred ISBR from filing a new

application to build a mosque on its property if its pending application were denied. (*Id.* ¶¶ 14, 302.)

On December 8, 2015, the Planning Board voted to deny ISBR's application for preliminary and final site plan approval. (Id. ¶ 15.) The Planning Board memorialized this decision in a formal resolution passed on January 19, 2016. (Id.)

On March 10, 2016, ISBR initiated this action challenging the Planning Board's denial of its application under the federal Religious Land Use and Institutionalized Persons Act, the U.S. and New Jersey Constitutions, and the New Jersey Municipal Land Use Law. The facts set forth in the Complaint exposed for the first time in full context the proceedings that had occurred before the Planning Board. That factual record was the subject of considerable public focus.[2] Soon thereafter, the United States Department of Justice announced an investigation into Defendant Bernards Township's denial of ISBR's application. Defendants filed an Answer on April 1, 2016. (ECF No. 15.)

On April 19, 2016, without any advance notice, the Planning Board issued a new Resolution concerning ISBR's application. The April Resolution *reiterated and reaffirmed* the

---

[2] *See, e.g.*, Jim Dwyer, *Muslims Sue Over Denial of Bid to Build Mosque in New Jersey Suburb*, N.Y. TIMES, Mar. 10, 2016, at http://www.nytimes.com/2016/03/11/nyregion/muslims-sue-over-denial-of-bid-to-build-mosque-in-new-jersey-suburb.html?_r=0; Star-Ledger Editorial Board, *N.J. Town is the Face of Bigotry After Rejecting Mosque*, STAR-LEDGER, Mar. 25, 2016, at http://www.nj.com/opinion/index.ssf/2016/03/nj_town_that_fought_to_keep_out_mosque_calls_itsel.html; Jay Jefferson Cooke, *Cooke: Perhaps, Just Perhaps, a Little Justice Could Be Coming*, COURIER NEWS, Mar. 20, 2016, at http://www.mycentraljersey.com/story/opinion/columnists/jay-jefferson-cooke/2016/03/20/cooke-perhaps-just-perhaps-little-justice-could-coming/81910450/; Linda Stamato, *It's Un-American for N.J. Town to Deny Mosque*, STAR-LEDGER, Mar. 20, 2016, at http://www.nj.com/opinion/index.ssf/2016/03/_its_un-american_for_nj_town_to_deny_mosque.html; Chris Fuchs, *Islamic Group Files Lawsuit Over Denied Mosque After Years-Long Planning Battle, Vandalism*, NBC NEWS, Mar. 21, 2016, at http://www.nbcnews.com/news/asian-america/islamic-group-files-lawsuit-over-denied-mosque-after-years-long-n542546.

various pretextual bases on which the Planning Board denied ISBR's application. (Ex. 1 at 2.) The Planning Board then resolved that "[t]he 20-day time limitation for moving for rehearing of the application will be relaxed in the event the applicant moves for a rehearing within 90 days of the date hereof and, as part of the motion for rehearing, proposes to change the site plans to address the reasons for denial as summarized above." (*Id.* at 4.) The April Resolution also carefully emphasized that the Planning Board was willing to apply the zoning ordinances that applied to ISBR at the time of its initial application and would not apply the subsequently enacted zoning requirements. (*Id.* at 3.) ISBR did not apply to the Planning Board for this relief, nor was ISBR aware that the Planning Board was considering this measure until after the April Resolution was publicly announced.

A local newspaper reporter immediately recognized that the April Resolution appeared to be designed to address the allegations in ISBR's Complaint that the Township's amendment to the zoning laws was calculated to prohibit ISBR from reapplying to build a mosque if its application were denied.[3] Another commentator noted that the April Resolution came after "a slew of negative press" and the Department of Justice's investigation, and asked, "Is this truly a sincere effort by the town to resolve the issue? (Keep in mind Chaudry has already submitted numerous revised site plans as the town previously requested.) Is this legal maneuvering by local officials to help fight the lawsuit? Or is it simply a PR ploy to counter the media coverage

[3] W. Jacob Perry, *Proposed Mosque in Liberty Corner May Get a Second Chance,* N.J. HILLS MEDIA GROUP, Apr. 20, 2016, at http://www.newjerseyhills.com/print_only/_headline_style/bold_42/ proposed-mosque-in-liberty-corner-may-get-a-second-chance/article_6e69b073-5e6c-50fb-816f-702beaf5afe9.html.

painting the local officials as being motivated by or at least giving in to anti-Muslim animus?"[4] The Township provided the answer. "Bernards Township mayor Carol Bianchi told NBC News in an email that the planning board's resolution provides the society another opportunity to resolve the issues raised by the board."[5] Per Ms. Bianchi, "Anyone who knows our planning board members trusts that each made his/her decision based upon land use considerations and not religion, *as the resolution further demonstrates*."[6]

**ARGUMENT**

It is well settled under New Jersey law that a planning board is divested of jurisdiction with respect to a land use application once that decision has been challenged in court. *Cicchine v. Twp. of Woodbridge*, 413 N.J. Super. 393, 403 (N.J. Law Div. 2010) ("[U]pon the filing of a complaint with this court, the Board is divested of jurisdiction to modify a prior action that is the subject of the appeal . . . ."); *Orloski v. Planning Bd. of Borough of Ship Bottom*, 226 N.J. Super. 666, 670 n.1 (N.J. Law Div. 1988), *aff'd*, 234 N.J. Super. 1 (N.J. App. Div. 1989) ("[o]nce an applicant has received a decision of the board and appealed in lieu of prerogative writs, the board is divested of jurisdiction absent a remand"); *Kramer v. Bd. of Adjustment, Sea Girt*, 80 N.J. Super. 454, 463 (N.J. Law Div. 1963) (recognizing that a board of adjustment was "without jurisdiction" to take further action while judicial appeal was pending). Indeed, a treatise on New Jersey land use law, edited by the Planning Board's own counsel, states this principle as black

[4] Dean Obeidallah, *Even an Ex-Mayor Can't Build a Mosque in This Town*, THE DAILY BEAST, May 2, 2016, at http://www.thedailybeast.com/articles/2016/05/02/even-an-ex-mayor-can-t-build-a-mosque-in-this-town.html.

[5] Chris Fuchs, *Board Issues Reapplication Resolution Over Denied Mosque Following Lawsuit*, NBC News, Apr. 25, 2016 (emphasis added.), http://www.nbcnews.com/news/asian-america/planning-board-issues-reapplication-resolution-over-previously-denied-mosque-n561626.

[6] *Id.* (emphasis added).

letter law: "once an applicant has received a decision of a board and an appeal has been filed with the Superior Court, the board is divested of jurisdiction absent a remand." WILLIAM M. COX & STUART R. KOENIG, NEW JERSEY ZONING & LAND USE ADMINISTRATION, § 42-7, at 902 (Revised and Updated by Jonathan E. Drill & Lisa A. John-Basta 2015). The only exception to this rule—not applicable here—is when board action is taken to effectuate a settlement. *See Whispering Woods at Bamm Hollow v. Middletown Planning Bd.*, 220 N.J. Super. 161, 173 (N.J. Law Div. 1987).

Courts in this district similarly recognize that a New Jersey administrative body retains jurisdiction over a matter only "until the moment an appeal is taken." *Fratone v. Div. of Pub. Welfare of N.J. Dep't of Human Servs.*, No. 87 Civ. 2569, 1988 U.S. Dist. LEXIS 1446, at *10 (D.N.J. Feb. 8, 1988). This accords with the rule that an appeal of an administrative agency's decision in federal court divests the agency of jurisdiction to modify that decision. For example, in *Goede v. Colvin*, the court held that, "[a]lthough the [Social Security Administration] reserves the right to reopen a decision which is 'otherwise final and binding' at any time for certain reasons, it loses jurisdiction to do so once a claimant appeals, no matter what its regulations say." No. 09 Civ. 1777, 2013 U.S. Dist. LEXIS 57638, at *3 (E.D. Cal. Apr. 21, 2013) (internal citations omitted); *see also Kince v. Nicholson*, 208 F. App'x 908, 910 (Fed. Cir. 2006) (holding that the Board of Veterans Appeals loses jurisdiction over a case once it has been appealed to the Court of Appeals for Veterans Claims). As the Court of Appeals for the Seventh Circuit has explained, any other rule "would allow the agency to manipulate federal jurisdiction to frustrate litigants by increasing the time and expense required to pursue claims, and prevent or at least postpone into perpetuity unfavorable precedent." *Doctors Nursing & Rehab. Ctr. v. Sebelius*, 613 F.3d 672, 679 (7th Cir. 2010).

This Court has ample authority to address the Planning Board's illegal April Resolution. The All Writs Act gives federal courts the authority to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). As the Court of Appeals for the Eleventh Circuit has explained, "[a] court may grant a writ under this act whenever it is 'calculated in [the court's] sound judgment to achieve the ends of justice entrusted to it,' and not only when it is '"necessary" in the sense that the court could not otherwise physically discharge its . . . duties.'" *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1100 (11th Cir. 2004) (quoting *Adams v. United States*, 317 U.S. 269, 273 (1942)). "Such writs may be directed toward . . . persons who . . . are in a position to frustrate the implementation of a court order *or the proper administration of justice* . . . ." *Id.* (quoting *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 174 (1977) (emphasis added). For example, in *Cottingham v. Tutor Perini Bldg. Corp.*, the court enjoined the plaintiff from litigating a second action filed in state court after the first action had been removed to federal court, because the "plaintiff's motivation for the second action appear[ed] to be nothing more than an attempt to avoid [the federal court's] jurisdiction . . . ."[7] No. 14 Civ. 2793, 2016 U.S. Dist. LEXIS 629, at *17 (E.D. Pa. Jan. 5, 2016).

That is exactly what the Planning Board is doing here. The Court should preserve its jurisdiction by quashing the Planning Board's April Resolution and enjoin it from taking further

[7] "The requirements for a traditional injunction do not apply to injunctions under the All Writs Act because the historical scope of a court's traditional power to protect its jurisdiction, codified by the Act, is grounded in entirely separate concerns." *Klay*, 376 F.3d at 1100. The Third Circuit agrees. *See Marxe v. Jackson*, 833 F.2d 1121, 1128 n.4 (3d Cir. 1987) ("Courts need not find irreparable harm when acting to protect their jurisdiction."); *In re Diet Drugs Prods. Liab. Litig.*, 282 F.3d 220, 239 (3d Cir. 2002) (affirming grant of injunction under the All Writs Act without regard to traditional four factors).

action with respect to ISBR's application, except upon remand or for purposes of effectuating any settlement agreement that might be reached. The April Resolution was passed after the Planning Board had issued a final resolution denying ISBR's site plan application and after ISBR had challenged that decision in this Court. As set forth above, the filing of this lawsuit vested jurisdiction over the matter with this Court and barred the Planning Board from taking any further action with respect to ISBR's application. Moreover, as the Township's Mayor acknowledged in her statement to the press, the April Resolution was designed to try to reshape the factual record against which this case will be tried. The Planning Board is attempting to retrospectively manufacture evidence supportive of its defenses and by doing so has exposed its willingness to leverage its municipal powers to circumvent this Court's jurisdiction. The Planning Board doubtless plans further action if ISBR applies for rehearing, and perhaps even if it does not. Regardless, it will try to utilize these manufactured facts in its defense.

The Planning Board has no jurisdiction at this juncture to supplement or supplant the factual record in this manner. *See In re Plainfield-Union Water Co.*, 14 N.J. 296, 302-04 (1954) (holding that local water council was only permitted to take additional evidence in matter that had been appealed because the appellate court had authorized the council to do so on remand). Nor should it be allowed to conjure municipal workarounds to the original jurisdiction of the federal courts. The Planning Board's action should be quashed and it should be enjoined from further proceedings as to ISBR's application. *See Cottingham*, 2016 U.S. Dist. LEXIS 629, at *17.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court quash the Planning Board's April 19, 2016 Resolution and enjoin the Planning Board from taking any further action with respect to ISBR's site plan application, except upon remand or to effectuate a settlement.

Dated: May 6, 2016

Respectfully submitted,

By: s/ Michael F. Buchanan
Michael F. Buchanan (NJ Bar #049041992)

Adeel A. Mangi (admitted *pro hac vice*)
Muhammad U. Faridi (admitted *pro hac vice*)
Alejandro H. Cruz (admitted *pro hac vice*)
Diana M. Conner (admitted *pro hac vice*)
Paul D. Swanson (admitted *pro hac vice*)
**PATTERSON BELKNAP WEBB & TYLER LLP**
1133 Avenue of the Americas
New York, New York 10036
Telephone No.: (212) 336-2000
Facsimile No.: (212) 336-2222

*Attorneys for Plaintiffs*