**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE ISLAMIC SOCIETY OF BASKING RIDGE, et al., | |
| Plaintiffs, | Civil Action No. 16-1369 (MAS) (LHG) |
| v. | **MEMORANDUM OPINION** |
| TOWNSHIP OF BERNARDS, et al., | |
| Defendants. | |

**SHIPP, District Judge**

This matter comes before the Court on non-party Michael Barth's ("Mr. Barth") Motion to Intervene. (ECF No. 54.) Plaintiffs The Islamic Society of Basking Ridge ("ISBR") and Mohammad Ali Chaudry (collectively, "Plaintiffs") opposed (ECF No. 71), and Mr. Barth replied (ECF No. 72). The Court has carefully considered Mr. Barth and Plaintiffs' submissions and decides the motion without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Mr. Barth's Motion to Intervene is **DENIED**.

**I.     Background**[1]

Plaintiffs filed the instant action alleging that Defendants[2] violated federal and state laws in connection with Plaintiffs' application to construct a mosque in Bernards Township. (Compl.

---

[1] Given the narrow issues presented by Mr. Barth's Motion to Intervene, the Court limits its recitation of the facts to information directly relevant to Mr. Barth's Motion.

[2] Township of Bernards, Bernards Township Planning Board, Bernards Township Committee, Barbara Kleinert, Jeffrey Plaza, Jim Baldassare, Jodi Alper, John Malay, Kathleen "Kippy" Piedici, Leon Harris, Paula Axt, Randy Santoro, Rich Moschello, Scott Ross, Carol Bianchi, Carolyn Gaziano, Thomas S. Russo, Jr., and John Carpenter (collectively, "Defendants").

¶¶ 6, 14-15, ECF No. 1.) The Complaint does not mention Mr. Barth, nor is Mr. Barth a member of any of the Defendant entities. (*See* Pls.' Opp'n Br. 3, ECF No. 71.) Mr. Barth, therefore, is not a party to the litigation but rather a member of the public.

Based on Plaintiffs' belief that Mr. Barth was an active objector against Plaintiffs' application to Bernards Township, Plaintiffs served a document subpoena upon Mr. Barth in May 2016. (Pls.' Opp'n Br. 3; Pls.' Ex. 1, ECF No. 71-2.) Mr. Barth responded by filing an application for temporary restraints and a Motion to Quash the Subpoena. (ECF No. 41.) Mr. Barth has since filed a multitude of correspondence with the Court, making various unsolicited arguments on the merits and procedure of the litigation. (*See* ECF Nos. 47, 61, 66, 68.) "On October 31, 2016, after a status conference with the Court, Plaintiffs informed Mr. Barth that they were withdrawing their document subpoena [without prejudice]." (Pls.' Opp'n Br. 5; Pls.' Ex. 2, ECF No. 71-3.)

## II. Legal Standard

Mr. Barth moves to intervene as of right under Rule 24(a) of the Federal Rules of Civil Procedure ("Rule"), or, in the alternative, for permissive intervention under Rule 24(b). Rule 24(a) states:

> the [C]ourt must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The Third Circuit has interpreted Rule 24(a) to require the following elements: "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter, by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." *Pa. Gen.*

*Energy Co. v. Grant Twp.*, No. 15-3770, 2016 WL 4011144, at *2 (3d Cir. July 27, 2016) (quoting *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 365-66 (3d Cir. 1995)). "The moving party . . . bears the burden of establishing the right to intervene, and failure to satisfy any one of the four factors justifies denial of the request." *Id.* (citing *Mountain Top Condo Ass'n*, 72 F.3d at 365-66).

As to Mr. Barth's request for permissive intervention, Rule 24(b) states that "the [C]ourt may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Whether the district court decides to grant or deny permissive intervention is a "highly discretionary decision." *King v. Governor of the State of N.J.*, 767 F.3d 216, 246 (3d Cir. 2014) (quoting *Brody By & Through Sugzdinis v. Spang*, 957 F.2d 1108, 1115 (3d Cir. 1992)).

### III. Parties' Positions

Mr. Barth argues that Defendants conceded Plaintiffs' standing under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") in error because Plaintiffs lack standing. (Barth's Moving Br. 1-3, ECF No. 54-1.) Mr. Barth further argues that he satisfies each of the elements for intervention as of right, and that permissive intervention is also proper. (*Id.* at 4.) As to the first element, timeliness, Mr. Barth argues that his Motion is timely because he filed the Motion "close to [the] issuance of the [r]estraining [o]rder[3] and before the Rule 16 [c]onference." (*Id.*) As to the second element, sufficient interest, Mr. Barth asserts that he possesses sufficient interest in the litigation because Plaintiffs attempted to serve an unconstitutional subpoena upon

---

[3] As set forth in the Background section above, Mr. Barth moved for temporary restraints to stay the subpoena served on him by Plaintiffs. (ECF No. 41.) Discovery was stayed (ECF No. 42) until Mr. Barth's application for temporary restraints was ultimately terminated (ECF No. 56).

him. (*Id.*) Mr. Barth then argues that his interest may be affected or impaired by the disposition of the litigation because the Complaint should be dismissed for lack of standing, and because continued litigation could subject him to further improper subpoenas. (*Id.*) As to the final element, adequate representation, Mr. Barth argues that the existing parties do not adequately represent his interest because Defendants have failed to argue that Plaintiffs lack standing. (*Id.*)

In opposition, Plaintiffs first argue that Mr. Barth possesses no cognizable legal interest in the litigation. (Pls.' Opp'n Br. 7, ECF No. 71.) Mr. Barth's alleged interest in the litigation arises from Plaintiffs' subpoena to Mr. Barth, which Plaintiffs have since withdrawn. (*Id.*) Plaintiffs assert that Mr. Barth failed to identify any federal statute that gives him the right to intervene, and that Mr. Barth cannot be held liable for Defendants' conduct in this litigation. (*Id.* at 8.) According to Plaintiffs, a non-party subjected to a document subpoena cannot move to intervene to avoid responding to the subpoena, but should rather move to quash the subpoena or move for a protective order. (*Id.* at 8-9.) Plaintiffs further assert that, in the event Mr. Barth claims an interest as a member of the local community in his reply, Mr. Barth's interests are adequately represented by the Planning Board—a "government entity charged by law with representing the interests of the community." (*Id.* at 9 (internal quotations and citations omitted).)

Instead of directly addressing the points Plaintiffs raised in opposition to his motion, Mr. Barth spends a substantial portion of his reply further arguing that Plaintiffs lack standing. (Barth's Reply Br. 1-4, ECF No. 72.) Mr. Barth also argues that Plaintiffs' proposed discovery plan is impermissible under the Federal Rules of Civil Procedure. (*Id.* at 1-2.) In addition, Mr. Barth proceeds to characterize Plaintiffs' withdrawal of the subpoena against him as a tactic to defeat his Motion to Intervene. (*Id.* at 2.) Mr. Barth further points out that Plaintiffs' withdrawal of the subpoena was without prejudice. (*Id.*)

4

## IV. Discussion

Here, Mr. Barth fails to meet his burden to establish intervention as of right. First, Mr. Barth has not established a sufficient interest in the litigation. Mr. Barth fails to cite to, and the Court is unaware of, any authority stating that a non-party subjected to a subpoena can intervene in the litigation beyond the scope of the discovery issues implicating that non-party. While the Court is aware of instances where intervention was appropriate for limited purposes, such as objecting to a subpoena, Mr. Barth fails to reference case law that supports the right of a non-party to intervene in a civil case based primarily on dissatisfaction with a party's dispositive motion arguments. *See, e.g., Quaile v. Carol Cable Co.*, No. 90-7415, 1992 WL 392609, at *3 (E.D. Pa. Dec. 14, 1992) (permitting intervention for the purpose of quashing or modifying a subpoena because "[a] non-party may intervene in a matter for a specific issue without having an interest in the litigation as a whole").

Here, when Mr. Barth was served with Plaintiffs' subpoena, Mr. Barth's sole interest in the litigation was limited to the subpoena, and he rightfully exercised his right to move to quash. Even while the subpoena was active, Mr. Barth's limited interest in the litigation would have only permitted intervention for the narrow purpose of defending against the subpoena. Plaintiffs have since withdrawn the subpoena, removing Mr. Barth's sole interest for the purpose of intervention.

The fact that Plaintiffs' withdrawal of the subpoena was "without prejudice" is inconsequential. If Plaintiffs serve a second subpoena upon Mr. Barth, Mr. Barth may move to quash or modify that subpoena. Moreover, Mr. Barth's interests arising from a potential second subpoena are not impaired by the disposition of Plaintiffs' pending Motion for Judgment on the Pleadings. Regardless of how the Court rules on Plaintiffs' Motion, Mr. Barth's ability to object to future subpoenas issued by Plaintiffs remains unaffected.

5

Further, Mr. Barth has failed to establish that his interests are not adequately represented by Defendants. Even assuming, *arguendo*, that Mr. Barth possesses a sufficient interest to intervene on Plaintiffs' Motion for Judgment on the Pleadings, Defendants adequately represent Mr. Barth's interest in opposing Plaintiff's Motion, notwithstanding their decision not to pursue Mr. Barth's standing-related arguments.

As to the Court's discretion to grant permissive intervention, the Court similarly finds that Mr. Barth has failed to sufficiently establish the relevant factors. Mr. Barth has failed to identify a conditional right to intervene by federal statute, and has similarly failed to establish that he possesses a claim or defense that shares a common question of law or fact with the instant action.

## V.     Conclusion

For the reasons set forth above, Mr. Barth's Motion to Intervene is **DENIED**. An Order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: December 16, 2016